### GEHL *v.* PITTSBURG COAL CO.

1. MASTER AND SERVANT—SAFE PLACE—PROXIMATE CAUSE.
    No liability for failure to furnish a safe place arises between employer and employé where the unsafe condition consisted of holes that had been cut in a dock upon which the servant was employed, and that were not shown to have contributed to his death.

2. SAME—WARNING AND INSTRUCTING SERVANT—KNOWLEDGE OF SERVANT.
    Failure to warn a servant is not actionable where no evidence

tends to show that the servant did not know of the alleged
dangers, that he was not warned, or that the negligence
caused his injuries.[1]

3. SAME — COVERING COGS — STATUTES — CONTRIBUTORY NEGLI-
GENCE.

An employé who was killed in a place of danger to which he
voluntarily went, among moving machinery, in a place not
intended for men to work, except when the machinery had
been stopped, was guilty of contributory negligence which
precluded plaintiff's recovery for the failure of his employer
to cover dangerous cogs, under Act No. 113, Pub. Acts 1901.[2]

Error to Chippewa; Steere, J.   Submitted October 7,
1910.   ( Docket No. 16.)   Decided November 11, 1910.

Case by Minnie Gehl, administratrix of the estate of
Albert Gehl, deceased, for the negligent killing of plain-
tiff's intestate.   A judgment for defendant on a verdict
directed by the court is reviewed by plaintiff on writ of
error.   Affirmed.

*John W. Shine,* for appellant.

*Warner & Sullivan,* for appellee.

HOOKER, J.   This case is the outgrowth of a distressing
accident, in which a young man lost his life.   He was
fireman on a derrick used for unloading coal from a
vessel.   The derrick was upon a dock, and he went below
the deck or floor of the derrick for some purpose unknown,
though the most probable theory is that it was to loosen
the bolts in the cylinders of a small steam engine, thus
allowing the water to escape and prevent freezing during
the coming night.   This engine was not in operation at
the time, though the machinery of the derrick was, and
he was caught and crushed between the cogs of a pinion

[1] As to duty to warn or instruct servant, see note in 44 L. R. A.
33.
[2] On question of contributory negligence as defense against viola-
tion of master's statutory duty, see note in 13 L. R. A. (N. S.) 1152.

and of a circle, the operation of which turned the boom or arm of the derrick.   The negligence charged was:

(1) Not furnishing a safe place to work.
(2) Not warning deceased of the dangers of the place.
(3) Not covering the gearing mentioned.

The first claim relates to some holes in the dock; but there is no testimony showing that the deceased stepped in any hole, or that they in any way had to do with the accident.   The most of them were cut in the dock by the firemen, of whom he was one, for the purpose of putting a hose through to obtain water.

*Second.* Failure to Warn.   We have no evidence that the deceased was not aware of all dangers, nor is there any evidence that he was not warned by defendant. Neither is there anything tending to show that a failure to warn was the cause of the accident.

*Third.* Failure to Cover the Cogs of the Pinion.   It is said that it does not appear that it was possible to cover the gearing in which deceased was crushed, and that there was no legal obligation to protect it in any way further than was done.   It is true that it was not in a place where men worked, except as they went below to oil, tighten up, or repair and adjust the machinery, or loosen the cylinders, all of which might have been done with safety, and usually was so done, when the machinery was not in motion.   We are not sure that the machinery of this derrick might not be held to be within the provisions of section 8, Act No. 113, Pub. Acts 1901, though there are strong reasons for saying that it is not.

We do not find it necessary to decide that question, however, for the reason that the undisputed proof leaves no room for an inference that the deceased was not, at the time of the accident, voluntarily in a place of extreme danger, which was apparent, and which any person of his age and ordinary sense would have known; and while, under the decisions of *Sipes* v. *Starch Co.*, 137 Mich. 258 (100 N. W. 447), and *Swick* v. *Cement Co.*, 147

Mich. 466 (111 N. W. 110), the application of the statute to this case, were it applicable, would preclude the doctrine of assumption of risk as a defense, these cases do not preclude the defense of contributory negligence. On the contrary, the latter case shows that the statute has not cut off that defense. We therefore feel constrained to say that the undisputed evidence shows that the accident was wholly due to the victim's own carelessness.

The judgment is affirmed.

BIRD, C. J., and OSTRANDER, MOORE, and MCALVAY, JJ., concurred.